UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY MATTHEWS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 08 C 7418 |
| v. ) | |
| ) | Judge John W. Darrah |
| CHICAGO TRANSIT AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, participants in the Retirement Plan for Chicago Transit Authority Employees (the "Plan"), brought suit against Defendants, the Chicago Transit Authority ("CTA"), Chicago Transit Authority Retiree Health Care Trust ("RHCT"), RHCT's Board (collectively, the "RHCT Defendants"), the Plan and the Retirement Allowance Committee for the Plan ("RAC") (collectively, the "Plan Defendants"). Plaintiffs seek declaratory and injunctive relief, damages and restoration of retirement benefits for Plan participants, which, they claim, were diminished in violation of the United States and Illinois Constitutions. Before the Court are Defendants' motions to dismiss.

## BACKGROUND

The following background is taken from the allegations in Plaintiffs' Complaint and will be accepted as true for purposes of this motion.

In 1983, the Plan was modified to add health coverage for retirees equivalent to that provided to active CTA employees. Retirees were not required to pay any premiums to receive coverage. In 2006, a new Illinois law required separate funding of health care benefits for retirees and their dependents from funding and annuities. Amalgamated Transit Union ("ATU")

Locals 241 and 308 became involved in a dispute with CTA over the effects of this legislation. CTA and ATU Locals 241 and 308 submitted the dispute to arbitration. On June 26, 2007, an arbitration panel issued a decision, setting terms for wages, annuities and retiree health benefits. The decision was contingent on passage of state pension legislation substantially similar to the terms of the arbitration decision.

On January 18, 2008, the General Assembly passed Public Act 95-708. Plaintiffs allege that P.A. 95-708 is not consistent with the arbitration decision in that it provides that employees who retire after January 18, 2008, are not eligible for retiree health insurance unless they are at least fifty-five years of age and have ten or more years of continuous service. Furthermore, Plaintiffs claim that requiring retirees to pay up to 45 percent of the cost of health benefits out of their annuities diminishes their retirement benefits in violation of the Illinois Constitution.

Plaintiffs seek a declaration that the changes to the Plan violate their rights under the Illinois and Federal Constitutions, an injunction against CTA to prevent it from instituting the changes to the Plan, return of all amounts withheld or collected by CTA and the RAC in instituting those changes and costs and attorney's fees.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must

2

describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S.Ct. at 1965, 1973 n. 14). When a party contests subject-matter jurisdiction through a motion under Rule 21(b)(1), the burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## ANALYSIS

The RHCT Defendants, joined by CTA, argue that the Court lacks subject-matter jurisdiction.[1] Plaintiffs assert that there is jurisdiction under 28 U.S.C. § 1331 and § 1343 because the action arises under 42 U.S.C. § 1983. Additionally, Plaintiffs claim jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

CAFA modified 28 U.S.C. § 1332 such that federal courts have diversity jurisdiction, subject to certain conditions, where the amount in controversy exceeds $5,000,000 and minimal diversity exists between the class members and defendants. *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (*Hart*). However, "district courts must decline to exercise jurisdiction where two-thirds or more of the members of the proposed plaintiff class and

---

[1] Some Defendants raise other arguments in support of their motions to dismiss. Due to the resolution of the jurisdictional questions, discussed below, those arguments will not be addressed.

3

the primary defendants are citizens of the original filing state." *Hart*, 457 F.3d at 679. Defendants argue that this case falls within this last exception because well over two-thirds of the members of the proposed class, as well as Defendants, are citizens of Illinois. Plaintiffs do not attempt to refute this argument and have, thus, conceded that the Court does not have jurisdiction under CAFA.

Thus, it remains to be determined whether federal-question jurisdiction is present. This question turns on whether Plaintiffs have stated a plausible claim under § 1983. *See Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) (*Goros*) (theories failing to even make out claims arising under federal law must be dismissed for want of jurisdiction). Plaintiffs advance three theories of Constitutional violations under § 1983: they allege that Defendants violated (1) their substantive due process rights, (2) their procedural due process rights, and (3) their rights under the Contracts Clause.

Plaintiffs cannot make out a claim that Defendants have violated their substantive due process rights. The Due Process Clause has a substantive component only with respect to "a handful of fundamental rights." *Goros*, 489 F.3d at 860 (citing *Sacramento v. Lewis*, 523 U.S. 833 (1998); *Washington v. Glucksberg*, 521 U.S. 702 (1997) (*Glucksberg*)). A simple breach of contract by a state actor does not confer jurisdiction under a substantive due process theory unless the contract implicates "fundamental liberty or property interests." *Taake v. County of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008) (*Taake*). A party seeking to show that fundamental

4

rights substantively protected by the Due Process Clause but not yet recognized by the courts, has a "great" burden "because is must show that the rights at stake are deeply rooted in our history and tradition or implicit in our concept of ordered liberty." *Taake*, 530 F.3d at 542-43 (citing *Glucksberg*, 521 U.S. at 710-17).

Plaintiffs fail to argue that the rights at issue in this case are either deeply rooted in history or tradition or implicit in the concept of ordered liberty. Nor do they cite any case law in support of that proposition. Instead, Plaintiffs argue that the elimination of the contractual obligation to pay retiree benefits violates substantive due process because it shocks the conscience. While the shocks-the-conscience analysis has been used for "particular circumstances," it is not "generally applicable to all substantive-due-process claims." *Khan v. Gallitano*, 180 F.3d 829, 836 (7th Cir. 1999) (*Khan*). Even if that standard were applied in this case, Defendants' actions do not rise to the level of shocking the conscience. Thus, because the rights at stake are not deeply rooted in history or tradition, Plaintiffs cannot bring their claims under § 1983 as violating their substantive due process rights.

Plaintiffs also cannot make out a claim that Defendants violated their procedural due process rights. Plaintiffs insist that they have a protected property right in their retiree health benefits. However, the Seventh Circuit has held that "§ 1983 and § 1331 in combination do *not* allow state-law claims to be litigated in federal court just because the defendant is a state actor and the plaintiff takes care to assert that state law creates a 'property interest.'" *Goros*, 489 F.3d

at 859. "Due Process usually means notice and an opportunity of a hearing." *Id.* "[U]nless the plaintiff maintains that the state actor had to offer a hearing to resolve some contested issue of fact, the dispute belongs in state court under state law." *Id.* Plaintiffs' Complaint does not allege that Plaintiffs were entitled to notice and a hearing. Thus, they have not stated a claim for violation of their procedural due process rights.

Finally, Plaintiffs cannot state a claim for violation of the Contracts Clause. To state a violation of the Contracts Clause, a plaintiff must allege that "a change in state law" has created a "substantial impairment of a contractual relationship." *Khan*, 180 F.3d at 832. Here, Plaintiffs have not pled that Defendants passed any laws or ordinances or even that they had the ability to do so. Thus, they can state no claim under the Contracts Clause. *See Leahy v. Board of Trustees of Community College Dist. No. 508*, 1989 WL 8612 (N.D. Ill. 1989).

## CONCLUSION

For the reasons stated above, Plaintiffs' claims are not properly brought under either CAFA or § 1983. Therefore, Defendants' motions to dismiss for lack of subject-matter jurisdiction are granted.

Dated: 9-22-09

JOHN W. DARRAH
United States District Court Judge